

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Jeffrey J. Manis*
*Assistant United States Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2781*

November 16, 2021

Kristen Santillo, Esq.
Gelber & Santillo PLLC
347 West 36th Street, Suite 805
New York, New York 10018

    Re:   <u>Johansel Moronta</u>

Dear Ms. Santillo:

This letter sets forth the plea agreement between your client, Johansel Moronta, and the Acting United States Attorney for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on **November 19, 2021**, if it is not accepted in writing by that date.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Johansel Moronta to an Information charging him with being an inmate of a federal prison possessing and obtaining, and attempting to possess and obtain, prohibited objects, including tobacco, a cell phone, and cell phone chargers and charging cables, in violation of 18 U.S.C. §§ 1791(a), (b)(4)-(5), and (d)(1)(F)-(G). In addition, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procudure, Johansel Moronta also agrees to plead guilty to Violation Number 1 of the Violation of Supervised Release Petition filed by the U.S. Probation Office, 20-cr-00317 (MCA), charging that he violated the mandatory condition of his supervised release requiring him to refrain from committing another federal, state or local crime (hereinafter, the "Violation of Supervised Release").

If Johansel Moronta enters a guilty plea and is sentenced on the charged offense and violation, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Johansel Moronta for using, or conspiring to use, drones to smuggle contraband

into the Fort Dix Federal Correctional Institution in or about October 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Johansel Moronta agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Johansel Moronta may be commenced against him, notwithstanding the expiration of the limitations period after Johansel Moronta signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. §§ 1791(a), (b)(4)-(5), and (d)(1)(F)-(G), to which Johansel Moronta agrees to plead guilty carries a statutory maximum prison sentence of one year and a statutory maximum fine equal to the greatest of: (1) $100,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Johansel Moronta on the offense charged in the Information is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Johansel Moronta ultimately will receive.

Further, in addition to imposing any other penalty on Johansel Moronta, with respect to the offense charged in the Information, the sentencing judge: (1) will order Johansel Moronta to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Johansel Moronta, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (3) pursuant to 18 U.S.C. § 3583, may require Johansel Moronta to serve a term of supervised release of not more than one year, which will begin at the expiration of any term of imprisonment imposed. Should Johansel Moronta be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Johansel Moronta may be sentenced to a prison term of not more than one year in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

The Violation of Supervised Release to which Johansel Moronta agrees to plead guilty carries a statutory maximum prison sentence of 2 years, pursuant to 18 U.S.C. § 3583(e)(3). In addition, the Court may order an additional term of supervised release following imprisonment of not more than 3 years, less any time served in prison upon revocation of supervised release, pursuant to 18 U.S.C. § 3583(h).

With respect to the Violation of Supervised Release, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose: (i) a sentence of 14 months' incarceration to be served consecutively to the sentence imposed on the offense charged in the Information; (ii) that any additional term of supervised release imposed in connection with the Violation of Supervised Release should run concurrently with any term of supervised release imposed on the offense charged in the Information; and (iii) that the sentence imposed in connection with the Violation of Supervised Release should run concurrently to any state term of imprisonment that is anticipated to result from the state offenses underlying the Violation of Supervised Release (the "Stipulated Sentence"). The parties agree that the Stipulated Sentence is reasonable, and neither party will argue for a sentence above or below the Stipulated Sentence for the Violation of Supervised Release.

Furthermore, should the Court, pursuant to Rule 11(c)(5), at any time reject this provision of the plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentence or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Johansel Moronta by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Johansel Moronta's activities and relevant conduct with respect to this case.

Stipulations

This Office and Johansel Moronta agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Johansel Moronta from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Johansel Moronta waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Johansel Moronta understands that, if he is not a citizen of the United States, his guilty plea to the charged offense and violation will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Johansel Moronta understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Johansel Moronta wants and agrees to plead guilty to the charged offense and violation regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Johansel Moronta understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Johansel Moronta waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea,

or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Johansel Moronta. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Johansel Moronta.

No provision of this agreement shall preclude Johansel Moronta from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Johansel Moronta received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between Johansel Moronta and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: JEFFREY J. MANIS
Assistant U.S. Attorney

APPROVED:

JOSÉ R. ALMONTE
Chief, Special Prosecutions Division

I have received this letter from my attorney, Kristen Santillo, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charged offense, the violation of supervised release, sentencing, stipulations, waiver, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: __11/19/21__
JOHANSEL MORONTA

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charged offense, the violation of supervised release,, sentencing, stipulations, waiver, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: __11/19/21__
KRISTEN SANTILLO, ESQ.

<u>Plea Agreement With Johansel Moronta</u>
Schedule A

1. This Office and Johansel Moronta recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Johansel Moronta nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

### THE INFORMATION

3. The applicable guideline for the offense charged in the Information is U.S.S.G. § 2P1.2, which carries a Base Offense Level of 6. U.S.S.G. § 2P1.2(a)(3).

4. The total offense level for the offense charged in the Information is 6.

### VIOLATION OF SUPERVISED RELEASE

5. The parties disagree about whether the Violation of Supervised Release set forth in the Violation of Supervised Release Petition filed by the U.S. Probation Office, 20-cr-00317 (MCA), is appropriately categorized as a Grade A or a Grade B violation. The Government and the U.S. Probation Office maintain that the Violation of Supervised Release is appropriately categorized as a Grade A violation, pursuant to U.S.S.G. § 7B1.1(a). Johansel Moronta maintains that the Violation of Supervised Release should be categorized as a Grade B violation, pursuant to U.S.S.G. § 7B1.1(b). Because Johansel Moronta had a Criminal History Category of III when he was sentenced to supervision, he faces a guidelines range of 18-24 months for a Grade A violation, and 8-14 months for a Grade B violation, in connection with the Violation of Supervised Release, pursuant to U.S.S.G. § 7B1.4(a).

6. Any term of imprisonment imposed in connection with the Violation of Supervised Release shall be ordered to be served consecutively to any sentence of imprisonment that Johansel Moronta is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. *See* U.S.S.G. § 7B1.3(f).

7. If a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction, the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment. *See* U.S.S.G. § 5G1.3(c).

8. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with respect to the Violation of Supervised Release, the parties agree that the

Court should impose: (i) a sentence of 14 months' incarceration to be served consecutively to the sentence imposed on the offense charged in the Information; (ii) that any additional term of supervised release imposed in connection with the Violation of Supervised Release should run concurrent with any term of supervised release imposed on the offense charged in the Information; and (iii) that the sentence imposed in connection with the Violation of Supervised Release should run concurrently to any state term of imprisonment that is anticipated to result from the state offenses underlying the Violation of Supervised Release (the "Stipulated Sentence"). The parties agree that the Stipulated Sentence is reasonable, and neither party will argue for a sentence above or below the Stipulated Sentence for the Violation of Supervised Release.

## ACCEPTANCE OF RESPONSIBILITY

9. As of the date of this letter, Johansel Moronta has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged in the Information. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Johansel Moronta's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to the offense charged in the Information is 4 (the "agreed total Guidelines offense level") and that Johansel Moronta's sentence at this agreed total Guidelines offense level will be increased by a consecutive 14-month sentence of imprisonment imposed in connection with his Violation of Supervised Release.

11. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 4 for the offense charged in the Information, plus a consecutive 14-month term of imprisonment for the Violation of Supervised Release, is reasonable.

12. Johansel Moronta knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 4 for the offense charged in the Information, plus a consecutive 14-month term of imprisonment for the Violation of Supervised Release. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 4 for the offense

charged in the Information, plus a consecutive 14-month term of imprisonment for the Violation of Supervised Release. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.